UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GEORGE A. SMALL, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-50-HAB-SLC |
| WARREN HAAS, et al., | |
| Defendants. | |

**OPINION AND ORDER**

George A. Small, a prisoner proceeding without a lawyer, filed a complaint against six defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal quotation marks and citation omitted).

Small is a state criminal defendant. He alleges that a trial on two of his criminal misdemeanor cases (27H02-1811-CM-000815 and 27H02-1902-CM-000113) was set for May 2, 2019, but Judge Warren Haas, the judge assigned to preside over the matter, did not appear. Several days later, the cases were consolidated and/or transferred, and Judge Jason McVicker set those two original cases plus three additional criminal misdemeanor cases (27H02-1904-CM-000232, 27H02-1904-CM-000260, and 27H02-1905-CM-000333) for a bench trial. On May 16, 2019, Small was convicted and sentenced by Judge McVicker on those cases. He claims that Judge McVicker set aside and vacated the judgments and convictions of all five cases on May 20, 2019. However, prior to that time, Judge Haas issued a warrant in a different cause number (27D03-1903-CM-000025), which allegedly has resulted in Small "being held illegally—wrongfully after May 20, 2019" because Judge McVicker's order had vacated the other convictions and sentences.

According to Small, Defendant Sheriff Lt. D. Carmichael never notified the jail staff why he was continuing to be held after May 20, 2019. He alleges that Defendants Sheriff Lt. D. Carmichael, Investigator John Kauffman, Prosecutor Jamie Lee Moore, and Court Appointed Attorney Bridget Nicole Foust "played along" with the judges to hold him in jail without any charges pending against him. He seeks monetary damages from all the Defendants.

The Court has reviewed the docket sheets of the aforementioned cases, which are publicly available online. Of relevant note, charges remain active/pending against Small in cause number 27H02-1902-CM-000113 as well as 27D03-1903-CM-000025.[1]

Small's claims cannot proceed for several reasons. First, to the extent he is challenging his confinement as he appears to infer in several supplemental filings (ECF Nos. 3, 4, 7), he cannot seek that remedy in a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *See generally Glaus v. Anderson,* 408 F.3d 382 (7th Cir. 2005) (explaining the difference between civil rights and habeas remedies).

Additionally, the complaint does not state a valid claim for monetary damages against any defendant. Small has sued Judge Haas and Judge McVicker for their actions taken in the underlying state court cases. However, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*,

---

[1] On March 7, 2019, cause number 27H02-1902-CM-000113 was transferred to the Grant Superior Court because the defendant requested a jury trial; cause number 27D01-1903-CM-000025 was opened that same day. *See State of Ind. v. George A. Small*, cause no. 27H02-1902-CM-000113, filed Feb. 21, 2019, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IjlkMURqR2lqR1F3YzByaEFueVYtdWt2ejc1Mk05dS1QWmwwb0xMdGx0VmsxIn19 (last visited Apr. 15, 2020); *see also State of Indiana v. George A. Small*, cause no. 27D01-1903-CM-000025, filed March 7, 2019, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6InJuQ29NWmNweDhLamNyZ0gzU1lON1E5YktlUS1QUi1FSGI5S2l3Z3pxOTQxIn19 (last visited Apr. 15, 2020).

On June 18, 2019, cause number 27D01-1903-CM-000025 was transferred "[a]t the request of defendant and with approval from Judge Jeffrey Todd . . . to be heard with the defendant's pending charges in 27D01-1906-F5-68," a case that also remains pending. *Id.*; *see also See State of Ind. v. George A. Small*, cause no. 27D01-1906-F5-000068, filed June 5, 2019, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IkdGTlA0R2hVRmJWLUNPOVRUY1U2d0RnNkRfcDBrdHpMaWtSalprWFo3a3MxIn19 (last visited Apr. 15, 2020). According to the online docket, a jury trial in cause number 27D01-1906-F5-000068 is currently set for April 27, 2020. *Id.*

636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted). There is no indication that either of the judges lacked jurisdiction to proceed over Small's state court cases; thus, they are immune from suit and will be dismissed accordingly.

He has also sued Prosecutor Jamie Lee Moore, alleging that she worked with the judges to keep him in jail. "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id*. (internal quotation marks and citation omitted). Small has not plausibly alleged that Prosecutor Moore's conduct fell outside of the judicial phase of the criminal process. Accordingly, he is also immune from suit and will be dismissed.

Small has also sued his court appointed attorney, Bridget N. Faust. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian*

*Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the state when performing traditional functions as counsel. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Small has not plausibly alleged that Attorney Faust was acting under color of state law, so she will be dismissed.

Finally, Small has sued Sheriff Lt. D. Carmichael and Investigator John Kauffman. Small claims that Sheriff Carmichael did not notify staff of the reason why Small was being held and that they both "played along" with the judges to keep him in jail. Neither of these allegations state a plausible claim for relief. *See Bissessur*, 581 F.3d at 602 (holding that to state a claim, a plaintiff must plead sufficient factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Indeed, Small alleges that Judge Haas issued a warrant in cause number 27D03-1903-CM-000025, a case that is still pending in state court.[2] As such, it is not reasonable to infer that Small was and/or is being held absent a court order. The complaint does not plausibly suggest that Sheriff Carmichael or Investigator Kauffman have violated Small's constitutional rights. Therefore, these claims will be dismissed.

While it seems unlikely that Small will be able to state any claim—given the facts presented in his complaint and the defendants he has chosen to sue—he will nonetheless be granted an opportunity to amend his complaint if, after reviewing this Court's order,

---

[2] *See* footnote number one above.

5

he addresses the deficiencies noted above and still believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he does file an amended complaint, he should follow all the directions that are located on the court's Prisoner Complaint form, which the Clerk will send to him. He should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the Court:

(1) DIRECTS the Clerk to put this case number on a blank Pro Se 14 (INND Rev. 2/20) Prisoner Complaint form and send it to George A. Small;

(2) GRANTS George A. Small until **May 22, 2020**, to file an amended complaint on that form; and

(3) CAUTIONS George A. Small, that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on April 21, 2020.

                                          *s/ Holly A. Brady*
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT