UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GEORGE A. SMALL, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-050-HAB-SLC |
| WARREN HAAS, et al., | |
| Defendants. | |

OPINION AND ORDER

George A. Small, a prisoner without a lawyer, filed a complaint against six defendants. ECF 1. Because that complaint failed to state a claim upon which relief could be granted and sought monetary relief against defendants who were immune from suit, Small was granted until May 22, 2020, to file an amended complaint. ECF 15. He was directed to "follow all of the directions on the court's Prisoner Complaint form which [was] sent to him by the clerk." *Id*. at 6. He was told to "explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible." *Id*. Instead of filing an amended complaint on the form as directed, Small sent the court a letter titled "Correcting My Statement for the Record." ECF 18. Although the Local Rules generally prohibit parties from submitting such piecemeal amendments (*see* N.D. Ind. L.R. 15-1), in the interests of justice, the court will construe Small's letter together with his original complaint in order to determine whether the deficiencies identified in the original screening order have been cured.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted).

As noted in this court's previous order, his original complaint alleges the following:

> Small is a state criminal defendant. He alleges that a trial on two of his criminal misdemeanor cases (27H02-1811-CM-000815 and 27H02-1902-CM-000113) was set for May 2, 2019, but Judge Warren Haas, the judge assigned to preside over the matter, did not appear. Several days later, the cases were consolidated and/or transferred, and Judge Jason McVicker set those two original cases plus three additional criminal misdemeanor cases (27H02-1904-CM-000232, 27H02-1904-CM-000260, and 27H02-1905-CM-000333) for a bench trial. On May 16, 2019, Small was convicted and sentenced by Judge McVicker on those cases. He claims that Judge McVicker set aside and vacated the judgments and convictions of all five cases on May 20, 2019. However, prior to that time, Judge Haas issued a

2

>warrant in a different cause number (27D03-1903-CM-000025), which allegedly has resulted in Small 'being held illegally-wrongfully after May 20, 2019' because Judge McVicker's order had vacated the other convictions and sentences.
>
>According to Small, defendant Sheriff Lt. D. Carmichael never notified the jail staff why he was continuing to be held after May 20, 2019. He alleges that defendants Sheriff Lt. D. Carmichael, Investigator John Kauffman, Prosecutor Jamie Lee Moore, and Court Appointed Attorney Bridget Nicole Foust 'played along' with the judges to hold him in jail without any charges pending against him. He seeks monetary damages from all the defendants.

ECF 15 at 2. His letter adds additional details about cause number 27D03-1903-CM-000025. ECF 18. Although less than clear, he seems to allege that Judge Haas released him on bond in that case and set a bond revocation hearing for May 14, 2019. *Id*. However, neither he nor the Grant County Jail received notice of the hearing, so they did not transport him to the courthouse and he failed to appear. Judge Haas then issued the bench warrant described above. *Id*.

The court has re-reviewed the docket sheets of the aforementioned cases, which are publicly available online. Of relevant note, charges still remain active/pending against Small in cause number 27H02-1902-CM-000113 as well as 27D03-1903-CM-000025.[1] The docket of 27D03-1903-CM-000025 does indicate that Small failed to appear

---

[1] On March 7, 2019, cause number 27H02-1902-CM-000113 was transferred to the Grant Superior Court because the defendant requested a jury trial; cause number 27D01-1903-CM-000025 was opened that same day. *See State of Indiana v. George A. Small*, cause no. 27H02-1902-CM-000113, filed Feb. 21, 2019, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6ImN0LVEzVzda ZDhXb0FFdzk2Q3lOVVRqeII2NmdFbHFYeVBTT0VsNzRIQXMxIn19 (last visited July 14, 2020); *see also State of Indiana v. George A. Small*, cause no. 27D01-1903-CM-000025, filed Mar. 7, 2019, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6InJsOFpwOERC QU1sNFIxcllncVpnU2R1S2JPSDRENW1rS1dJcFpNbXkwV2sxIn19 (last visited July 14, 2020).

On June 18, 2019, cause number 27D01-1903-CM-000025 was transferred "[a]t the request of defendant and with approval from Judge Jeffrey Todd . . . to be heard with the defendant's pending

for the May 14th hearing and that a bench warrant was issued, but an additional entry on May 17th makes it clear that the warrant was subsequently released:

> Comes now the Court to show the defendant was incarcerated on 5-14-19, was not brought over from the jail and therefore, did not fail to appear. The defendant is released on the failure to appear warrant. Defendant appears this date for his initial hearing and is advised of State's Motion to Revoke Bond. Court grants State's motion and orders the defendant held without bond.

*State of Indiana v. George A. Small*, cause no. 27D01-1903-CM-000025, filed Mar. 7, 2019 https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6InJsOFpwOERCQU1sNFIxcllncVpnU2R1S2JPSDRENW1rS1dJcFpNbXkwV2sxIn19 (last visited July 14, 2020).

Small's claims cannot proceed for the same reasons set forth in this court's previous order. Nothing in his subsequent letter changes the analysis. First, to the extent he is challenging his confinement, he cannot seek that remedy in a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *See generally Glaus v. Anderson,* 408 F.3d 382 (7th Cir. 2005) (explaining the difference between civil rights and habeas remedies).

Additionally, the complaint does not state a claim for monetary damages against any defendant. Small has sued Judge Haas and Judge McVicker for their actions taken

---

charges in 27D01-1906-F5-68," a case that also remains pending. *Id.; see also See State of Indiana v. George A. Small*, cause no. 27D01-1906-F5-000068, filed June 5, 2019, https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IngtZ0R0dXpVcG5YUW0xc3Z5VHVrS0lFSUc0a0FUaVBnQy1pM3dLTm0xdEExIn19 (last visited July 14, 2020). According to the online docket, a jury trial in cause number 27D01-1906-F5-000068 is currently set for August 17, 2020. *Id.*

in the underlying state court cases. However, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted). There is no indication that either of the judges lacked jurisdiction to proceed over Small's state court cases; thus, they are immune from suit and will be dismissed accordingly.

He has also sued Prosecutor Jamie Lee Moore for allegedly working with the judges to keep him in jail. "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id.* (internal quotation marks and citation omitted). Small has not plausibly alleged that Prosecutor Moore's conduct fell outside of the judicial phase of the criminal process. Accordingly, he is also immune from suit and will be dismissed.

In addition, Small has sued his court appointed attorney, Bridget N. Faust. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct

5

of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the state when performing traditional functions as counsel. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Small has not plausibly alleged that Attorney Faust was acting under color of state law, so she will be dismissed.

Finally, Small has sued Sheriff Lt. D. Carmichael and Investigator John Kauffman. Small claims that Sheriff Carmichael did not notify staff of the reason why Small was being held and that they both "played along" with the judges to keep him in jail. Neither of these allegations state a plausible claim for relief. *See Bissessur*, 581 F.3d at 602 (in order to state a claim, a plaintiff must plead sufficient factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Although Small alleges that the Grant County Jail failed to transport him for a bond revocation hearing which prompted Judge Haas to issue a bench warrant in cause number 27D03-1903-CM-000025, he was already in jail at the time it was issued, and it was recalled several days later. There is no indication that Small was being held absent a court order either before or after that issue was resolved. The complaint does not plausibly suggest that Sheriff Carmichael or Investigator Kauffman have violated Small's constitutional rights. Therefore, these claims will also be dismissed.

6

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because George A. Small has failed to state a claim upon which relief can be granted.

SO ORDERED on July 15, 2020.

s/Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT